## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEAH ZATUCHNI,<br>*By her legal guardian,*<br>          **Plaintiff**, | ) ) ) ) | |
|       v. | ) ) | **CIVIL ACTION**<br>**No. 07-cv-4600** |
| ESTELLE RICHMAN,<br>*Secretary Pennsylvania Department of Public*<br>*Welfare, in her official capacity*, et al.,<br>          **Defendants**. | ) ) ) ) | FILED |

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM & ORDER

**RUFE, J.**                                                                **May 11, 2009**

Plaintiff Leah Zatuchni ("Plaintiff") by her legal guardian, Stephen Zatuchni ("Zatuchni"), brings this action against Defendants Estelle B. Richman, Secretary of the Pennsylvania Department of Public Welfare in her official capacity; Thomas J. Ellis, James E. Matthews and Ruth S. Damsker in their individual and official capacities as members of the Board of Commissioners of Montgomery County, Pennsylvania, as well as Eric Goldstein, Marguerite V. Peashock, Karen D. Kenny and Markita Barker, individually (collectively "Individual Defendants"); and Melmark, Inc. ("Melmark"). Plaintiff's claims arise from her placement at Melmark and her treatment while there.

Plaintiff now seeks leave to file an amended complaint.[1] Plaintiff moves to amend her Complaint to substitute the "Board of Commissioners of Montgomery County in their Official Capacity" as defendant in place of Defendants Thomas J. Ellis, James E. Matthews and Ruth S.

---

[1] Pl.'s Mot. For Leave to File an Am. Compl. [Document No. 49] ("Pl.'s Mot.").

Damsker.[2]  Plaintiff also wishes to remove any reference to 28 C.F.R. §§ 35.130(d) and 41.51(d) in Plaintiff's Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims.[3] Defendants do not oppose these proposed amendments and the Court will grant Plaintiff's Motion in these respects.[4]  Plaintiff, however, also seeks to amend her Complaint to add two additional claims.[5]  Defendants do oppose this portion of Plaintiff's Motion.[6]

First, Plaintiff seeks to add a claim under 42 U.S.C. § 1983 against the Board of Commissioners of Montgomery County ("Board") and Barry Milankow, alleging violations of her right to due process under the Fourteenth Amendment.[7]  Plaintiff alleges that Zatuchni complained to Jim McCarty, the director of the Mental Health/Mental Retardation Drug and Alcohol/Behavioral Department of Montgomery County ("MH/MR"), that Plaintiff was not receiving the occupational and speech therapy included in her treatment plan.[8]  Plaintiff claims McCarty assigned Barry Milankow to investigate these complaints, but that Milankow did not

---

[2] Id. ¶ 5(a).

[3] Id. ¶ 5(b).

[4] See Mem. of Law in Supp. of Defs., Ruth S. Damsker, Thomas J. Ellis, James E. Matthews, Eric Goldstein, Marguerite V. Peashock, Karen D. Kenny and Markita Barker's Response to Pl.'s First Mot. for Leave to File an Am. Compl. [Document No. 69] ("Individual Defs.' Mem.") at 3; Mem. of Def. Estelle B. Richman in Resp. To Pl.'s Mot. for Leave to File an Am. Compl. [Document No. 71] ("Def. Richman Mem.") at *1-*2.  Defendant Melmark does not address this issue in its Response.  (See Mem. of Law of Def., Melmark, Inc., in Supp. of its Opp'n to Pl.'s Mot. for Leave to File an Am. Compl. [Document No. 70] ("Def. Melmark's Mem.").)

[5] Pl.'s Mot. ¶ 5(c), (d).

[6] See Individual Defs.' Mem.; Def. Melmark's Mem.  The Court notes that Defendant Richman takes no position on this issue, as the new claims are directed at other defendants. Def. Richman Mem. at *1-*2.

[7] Am. Compl. [Document No. 49-3] ¶¶ 73-92.

[8] Id. ¶ 74.

conduct his investigation in an impartial fashion.[9]  Milankow's resulting report found Zatuchni's complaints to be unfounded, which became the official position of MH/MR after the report was approved by Defendant Goldstein, the Administrator of MH/MR.[10]

Plaintiff claims that Milankow's decision not to conduct an impartial investigation deprived her, without due process, of her property in the form of occupational and speech therapy, components of the active therapy she was entitled to receive while a resident at Melmark.[11]  Plaintiff alleges that the Board is also liable because Defendant Goldstein is a policymaker whose choices represent the official policy of the Board and Montgomery County, and because it failed to provide adequate training for McCarty, Goldstein and Milankow.[12] Plaintiff seeks compensatory and punitive damages for this claim.[13]

Plaintiff also moves to assert a claim of battery against Defendant Melmark, and its employees, George P. Linke, Jr., Christopher H. White, Jean Calvarese-Donovan and Susan Faggioli.[14]  Plaintiff alleges that Zatuchni objected to changing Plaintiff's diet to "mechanical chopped with nectar thick liquids," exercising his right to refuse to permit Leah to undergo treatment.[15]  With knowledge of and contrary to Zatuchni's demand that Plaintiff's diet remain as

---

[9] Id. ¶¶ 75-81, 84-85.

[10] Id. ¶¶ 85-86.

[11] Pl.'s Mem. of Law in Supp. of her Mot. for Leave to File an Am. Compl. [Document No. 49] ("Pl.'s Mem.") at 4.

[12] Am. Compl. ¶ 89-90.

[13] Id. at 18.

[14] Id. at 19.

[15] Id. ¶ 103-108.

it was, Plaintiff claims that Defendant Melmark and its employees continued to feed Plaintiff thickened liquids.[16]  Plaintiff claims this was a battery under state law.[17]

## STANDARD OF REVIEW

The grant or denial of leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure "is within the sound discretion of the district court."[18]  The Third Circuit has consistently recognized that "prejudice to the non-moving party is the touchstone for the denial of an amendment."[19]  Nevertheless, leave to amend a complaint in the absence of substantial or undue prejudice can still be denied if amendment would be futile.[20]  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief can be granted."[21]

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint, draws all reasonable inferences therefrom and construes them in the light most favorable to the plaintiff.[22]  The United States Supreme Court has recently clarified this standard, explaining that "[a] plaintiff's obligation to provide the grounds of his entitlement

---

[16] Id. ¶ 109-110.

[17] Pl.'s Mem. at 5.

[18] Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

[19] Arthur, 434 F.3d at 204 (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).

[20] Lorenz, 1 F.3d at 1414.

[21] Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

[22] See Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[23]  Rather, a plaintiff must allege facts that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[24]  A court should not grant a 12(b)(6) motion if, "under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[25]  When "deciding a motion to dismiss, courts generally may consider only the allegations contained in the complaint, exhibits attached thereto, and matters of public record."[26]

## SECTION 1983 CLAIM

A Section 1983 procedural due process claim under the Fourteenth Amendment requires a plaintiff to allege (1) an interest encompassed within the Fourteenth Amendment's protection of "life, liberty or property;" and (2) that the procedures available did not provide "due process of law."[27]  "Property interests . . . are not created by the Constitution.  Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."[28]  Yet, in order to have an property interest in a benefit, a

---

[23] Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (citation omitted).

[24] Id.

[25] Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

[26] Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190 (3d Cir. 1999) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

[27] Alvin, 227 F.3d at 116 (quoting Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984)).

[28] Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

plaintiff "must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must instead have a legitimate claim of entitlement."[29]

Individual Defendants argue that the Section 1983 claim Plaintiff seeks to assert fails to state a claim upon which relief can be granted, as Plaintiff 's Amended Complaint fails to identify a property right that would trigger due process protection, or that she was ever denied due process.[30]  Yet, Individual Defendants rely on their construction of Plaintiff's Amended Complaint as asserting a property right to an unbiased investigation.[31]  There is, however, another reasonable reading of Plaintiff's Amended Complaint which would entitle her to relief[32] — that Plaintiff is alleging a property interest in the occupational and speech therapy that is a part of her treatment plan.[33]

In the Commonwealth of Pennsylvania, persons with mental retardation are "assured the availability and equitable provision of adequate mental retardation services for all persons who need them."[34]  The Third Circuit has noted its agreement with the proposition that because the Commonwealth has "chosen to extend the right to adequate treatment to [persons with mental retardation] . . . it may not be withdrawn in the absence of procedures that are fundamentally fair."[35]  Thus, Plaintiff has a legitimate entitlement to adequate treatment as a person with mental

---

[29] Id.

[30] Individual Defs.' Mem. at 6.

[31] Id. at 6.

[32] Pinker, 292 F.3d at 374 n.7.

[33] Am. Compl. ¶¶ 74, 84, 87, 91.

[34] City of Philadelphia, et al. v. Com. of Pa., Dep't of Public Welfare, 564 A.2d 271, 275 (Pa. Cmwlth. Ct. 1989) (citing 50 Pa. Stat. Ann. § 4201)

[35] Alessi by Alessi v. Comm. of Pa, Dep't of Public Welfare, 893 F.2d 1444, 1452 (3d Cir. 1990).

retardation.  Plaintiff alleges she requires the occupational and speech therapy to maintain use of her hands and her communication skills.[36]  Moreover, Plaintiff alleges that being deprived of the same has substantially and permanently impaired and diminished her ability to use her hands and arms, operate her power wheelchair and use an augmentative communication device.[37]  Thus, Plaintiff has sufficiently alleged that the occupational and speech therapy is part of the adequate treatment to which she is entitled under Pennsylvania state law.  As a result, Plaintiff has a valid property interest in her occupational and speech therapy and cannot be deprived of it without due process of the law.  Plaintiff's Amended Complaint plainly alleges that she was denied due process when Milankow's investigation was conducted in a manner that was not fundamentally fair.[38]  Hence, Plaintiff's Amended Complaint sufficiently alleges a Section 1983 claim for violations of her right to procedural due process under the Fourteenth Amendment.

"In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."[39]  Individual Defendants contend that Plaintiff has failed to state a procedural due process claim because she skipped the comprehensive procedural protections that Pennsylvania provides for individuals residing in Intermediate Care Facilities for people with mental retardation ("ICF/MR") to challenge whether they are receiving adequate care.[40]  Individual Defendants' argument, however, depends on an overly broad construction of Section

---

[36] Am. Compl. ¶ 91.

[37] Id. ¶ 92.

[38] Id. ¶¶ 75-80, 84-85, 88.

[39] Alvin, 227 F.3d at 116.

[40] Individual Defs.' Mem. at 7.

6210.108 of the Pennsylvania Administrative Code.  Section 6210.108 allows medical assistance recipients receiving care at an ICF/MR to appeal from and have a fair hearing on recommended changes in their level of care.[41]  Yet, such changes in care as addressed by this regulation are those *recommended* by the utilization review committee.[42]  In this claim, Plaintiff is not alleging that she objected to a recommended change in her care, but rather that her recommended care was never implemented.[43]  Individual Defendants do not give, nor could the Court find, any reason why Section 6210.108 applies to Plaintiff's situation.

The Section 1983 claim that Plaintiff moves to assert does state a claim upon which relief can be granted.  Thus, the Court will grant Plaintiff's Motion to amend her Complaint to add this claim.  Individual Defendants, however, correctly assert that punitive damages may not be awarded against municipalities for claims under Section 1983.[44]  It is well established that " . . . an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." [45]  Therefore, Plaintiff may not amend her Complaint to seek punitive damages against defendants sued in their official capacities.[46]

---

[41] 55 PA. CODE § 6210.108(d); see 55 PA. CODE § 6210.3 (defining "MA" as "medical assistance"); see also 55 PA. CODE § 275.1(a)(1)-(3); 55 PA. CODE § 101.2 (defining "Department" as "Department of Public Welfare").

[42] See 55 PA. CODE § 6210.108(b)-(d).

[43] Am. Compl. ¶ 74.

[44] City of Newport v. Fat Concerts, Inc., 453 U.S. 247, 271 (1981).

[45] Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)).

[46] Here, Plaintiff's Amended Complaint asserts claims against the Board in its official capacity only. Hence, she may not seek punitive damages from that defendant.  On the other hand, Plaintiff's Amended Complaint lists Milankow as a defendant with the word "individually" directly following his name.  Contrary to Individual Defendants' contention, this is no indication in Plaintiff's Amended Complaint that Milankow is being sued in his official capacity.  (Individual Defs.' Mem. at 7.)  Thus, as long as Milankow is being sued in his individual capacity, Plaintiff may seek punitive damages from him.  Nevertheless, should Plaintiff seek to sue Milankow in his official

**BATTERY CLAIM**

Plaintiff also seeks to amend her Complaint to add a state law claim for battery. Although she does not specify under what state's law she is bringing this claim, the Court assumes that it is Pennsylvania, as all events giving rise to Plaintiff's claims occurred therein and the Court discerns no reason another state's law should apply.[47]  Pennsylvania law defines a battery as a "harmful or offensive contact" with the person of another.[48]  Contact is offensive "if it offends a reasonable sense of personal dignity."[49]

The allegations in Plaintiff's Amended Complaint make clear that it is not the act of feeding Plaintiff that gives rise to this claim, but rather how the food she is being fed is prepared. Plaintiff alleges that Melmark and its employees informed Zatuchni that Plaintiff's diet would be changed to "mechanical chopped with nectar thick liquids."[50]  Plaintiff claims that Zatuchni's attempts to refuse this treatment in favor of Plaintiff's previous diet were ignored by Melmark and its employees.[51]

The issue at hand is whether Plaintiff's Amended Complaint sufficiently alleges a claim for battery under Pennsylvania state law.  On issues of state law, the Court "must predict the Pennsylvania Supreme Court's resolution of the issue, giving consideration to applicable

---

capacity as well, she could not recover punitive damages from him in that capacity.

[47] Am. Compl. ¶ 17.  The Court notes Defendant Melmark assumed the same.  (Def. Melmark's Mem. at 5.)

[48] Dalrymple v. Brown, 701 A.2d 164, 170 (Pa. 1997).

[49] Herr v. Booten, 580 A.2d 1115, 1117 (Pa. Super. Ct. 1990) (quoting RESTATMENT (SECOND) OF TORTS § 19).

[50] Am. Compl. ¶ 103.

[51] Id. ¶ 104-10.

decisions of the intermediate appellate state courts."[52]  The Court found particularly instructive

the Pennsylvania Superior Court decision in <u>Wu v. Spence</u>.[53]  In that case, the plaintiff claimed

the defendant physician failed to inform her of the potential risks of an antibiotic before she was

treated with it intravenously.[54]  The court held that the touching involved was the intravenous

administration of the antibiotic, but that this was not sufficient to form the basis of the battery

required for informed consent, as the damages plaintiff claimed were caused by the action of the

drug rather than the insertion of the needle.[55]  Therefore, the "method of administration of the

drug is irrelevant to [plaintiff's] cause of action," and there was no sufficient touching upon

which to base a battery.[56]

   Here, the touching that forms the basis of Plaintiff's claim is the act of feeding Plaintiff.

Plaintiff clearly alleges that the harms she has suffered are "a direct and proximate result of being

fed thickened liquids."[57]  Plaintiff does not allege that the inevitable touching necessary caused

her any harm or offense.  Thus, similar to <u>Wu</u>, the method of feeding Plaintiff is irrelevant to her

cause of action, as she does not allege that her damages are caused by the physical contact

---

[52] <u>Franklin Prescriptions, Inc. v. New York Times Co.</u>, 424 F.3d 336, 341 (3d Cir. 2005) (citation omitted).

[53] 605 A.2d 395 (Pa. Super. Ct. 1992).

[54] <u>Id.</u> at 396.  Although this case arises in the context of informed consent, the Court still finds its rationale persuasive as Pennsylvania law dictates that a "claim that a physician failed to obtain the patient's informed consent sounds in battery."  <u>Montgomery v. Bazaz-Sehgal</u>, 798 A.2d 742, 748 (Pa. 2002); <u>see also</u> <u>Morgan v. MacPhail</u>, 704 A.2d 617, 620 (Pa. 1997); <u>Karibjanian v. Thomas Jefferson U. Hosp.</u>, 717 F.Supp. 1081, 1084 (E.D. Pa. 1989) (citing <u>Gray v. Grunnagle</u>, 423 Pa. 144, 155 (1966) for the proposition that the doctrine of informed consent "is rooted in the rule that any touching of a patient by a physician is technically a battery unless it is done with the patient's knowing consent.").

[55] <u>Wu</u>, 605 A.2d at 396.

[56] <u>Id.</u>

[57] Am. Compl. ¶¶ 111-13.

alleged.  Hence, Plaintiff fails to allege the harmful or offensive touching required for a claim of

battery.  As she fails to state a claim upon which relief can be granted, the Court will deny

Plaintiff leave to amend her Complaint to assert a claim of battery.

An appropriate order follows.