IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAH ZATUCHNI,<br>*By her legal guardian*,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ESTELLE RICHMAN,<br>Secretary Pennsylvania Department of Public<br>Welfare, *in her official capacity*, et al.,<br>　　　　　　　Defendants. | CIVIL ACTION<br>No. 07-cv-4600 |

**MEMORANDUM OPINION & ORDER**

RUFE, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　June 30th, 2009

　　Plaintiff Leah Zatuchni ("Plaintiff") by her legal guardian, Stephen Zatuchni ("Zatuchni"), brings this action against Defendants Estelle B. Richman, Secretary of the Pennsylvania Department of Public Welfare in her official capacity; the Board of Commissioners of Montgomery County, Pennsylvania in their official capacities; Eric Goldstein, Marguerite V. Peashock, Karen D. Kenny, Markita Barker and Barry Milankow individually; as well as Melmark, Inc. ("Melmark"). Melmark now seeks to dismiss Plaintiff's claim of negligence against it.[1] Before resolving this Motion, the Court will summarize the relevant procedural history of this case.

I.　PROCEDURAL BACKGROUND

　　Plaintiff filed her Complaint on November 1, 2007.[2] Count IV of Plaintiff's Complaint brings a claim for negligence against Melmark as follows:

---

[1] Mot. of Def., Melmark, Inc., to Dismiss Pl.'s Compl., Pursuant to F.R.C.P. 12(b)(6) [Document No. 38] ("Def.'s Mot.").

[2] Compl. [Document No. 1].

72. Prior to her admission to Melmark, Leah received, among other therapies and supports, physical therapy, occupational therapy, and speech therapy.

73. At the time of her admission to the ICF/MR, Leah was able, with assistance, to operate her power wheelchair, communicate with an augmentive communication device and otherwise interact with her surroundings.

74. Leah has been a resident at the ICF/MR operated by Melmark since August 2006.

75. At the time of her admission to the ICF/MR, Melmark knew or should have known that it did not then possess sufficient skill, knowledge or ability or have sufficient resources to adequately care for Leah.

76. While at Melmark the only therapy or support Leah has received is a limited amount of physical therapy.

77. While at Melmark Leah has not had the use of her power wheelchair or augmentive communication device for long periods of time as a result of Melmark's inability to maintain the equipment in operable condition.

78. As the direct and proximate result of Melmark's lack of skill, knowledge, ability and resources to adequately and properly care for Leah, Leah's ability to use her hands and arms, operate her power wheelchair, use an augmentive communication device, and other skills she possessed at the time she was admitted to Melmark, as well as the quality of Leah's life, has been substantially and permanently impaired and diminished.[3]

On December 18, 2007, Melmark filed a Motion to dismiss Plaintiff's claim for negligence pursuant to Rule 12(b)(6).[4] The Court issued a Memorandum Opinion and Order denying Melmark's Motion to dismiss, as well as motions of the other defendants.[5] Melmark filed its Answer to Plaintiff's Complaint on September 4, 2008.[6]

---

[3] Compl. ¶¶ 72-78.

[4] Mot. of Def., Melmark, Inc., to Dismiss Pl.'s Compl., Pursuant to F.R.C.P. 12(b)(6) [Document No. 6].

[5] Mem. & Op., August 12, 2008 [Document No. 27].

[6] Answer [Document No. 30].

Immediately prior to the Rule 16 conference in this matter, scheduled for October 20, 2008, Melmark filed the instant Motion. In an Order dated October 21, 2008, the Court ordered briefing on the instant Motion, and stated that the Motion would be treated as a partial motion for summary judgment on Plaintiff's claim for negligence against Melmark.[7] Plaintiff responded to Melmark's Motion on November 3, 2008.[8] Melmark replied on November 19, 2008.[9] Plaintiff filed a sur-reply on December 3, 2008.[10]

Due to unrelated developments in the instant action, the Court stayed this Motion until June 4, 2009.[11] Although the Court allowed the parties to request leave to supplement their filings,[12] neither Plaintiff nor Melmark chose to do so. In a June 4, 2009 Order, the Court required both Plaintiff and Melmark to submit memoranda of law supplementing their prior filings and addressing specific inquiries.[13] Although both parties filed the required memoranda,[14] Melmark's submission did not comply with the Court's Order. Thus, the Court issued an Order to show cause why Defendant Melmark's Motion should not be dismissed for failure to comply

---

[7] Scheduling Order, November 21, 2008 [Document No. 39].

[8] Pl.'s Resp. to Def. Melmark, Inc.'s Mot. for Partial Summ. J. [Document No. 42] ("Pl.'s Resp."); see also Pl.'s Mem. of Law in Opp'n to Def. Melmark's Mot. for Partial Summ. J. [Document No. 43] ("Pl.'s Br.").

[9] Reply Mem. of Def., Melmark, Inc., to Pl.'s Resp. to Melmark, Inc.'s Mot. for Partial Summ. J. [Document No. 45] ("Def.'s Reply").

[10] Pl.'s Sur-reply to Def. Melmark, Inc.'s Mot. for Partial Summ. J. [Document No. 49] ("Pl.'s Sur-reply").

[11] Revised Scheduling Order, January 20, 2009 [Document No. 52], ¶ 7; Revised Scheduling Order, April 29, 2009 [Document No. 74], ¶ 4.

[12] See Revised Scheduling Order, January 20, 2009, ¶ 7; Revised Scheduling Order, April 29, 2009, ¶ 4.

[13] Order, June 4, 2009 [Document No. 83].

[14] See Document Nos. 85 and 90.

with the Court's Order.[15] Melmark responded by filing a second supplemental submission, this time in compliance with the Court's Order.[16] The Court dismissed the Rule to Show Cause on June 26, 2009.[17] This Motion is now ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[18] An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[19] In examining these motions, all inferences must be drawn in the light most favorable to the nonmovants, and their allegations must be treated as true whenever they conflict with those of the movants and are supported by proper proofs.[20] The Court will not, however, make any credibility determinations or weigh the evidence presented.[21]

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact.[22] Once the movant has done so, the opposing party

---

[15] Order, June 17, 2009 [Document No. 93].

[16] Mem. of Law of Def., Melmark, Inc., in Resp. to this Court's Order of June 17, 2009 [Document No. 95] ("Def.'s Supp.") at 3.

[17] Order, June 26, 2009 [Document No. 96].

[18] FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[19] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

[20] Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004).

[21] Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 665 (3d Cir. 2002) (quoting Reeves v. Sanderson Plumbing Prods., 560 U.S. 133, 150 (2000)).

[22] FED. R. CIV. P. 56(c).

cannot rest on its pleadings.[23] To defeat summary judgment, the nonmovant must come forward with probative evidence demonstrating the existence of genuine issues for trial.[24] The nonmovant therefore must raise "more than a mere existence of a scintilla of evidence in its favor" for elements on which it bears the burden of production.[25] An inference based upon speculation or conjecture will not create a material fact.

### III. DISCUSSION

In the instant Motion, Melmark seeks the dismissal of Plaintiff's claim because she did not file a certificate of merit ("COM") with her Complaint. In response, Plaintiff contends that a COM is not required given the allegations of her Complaint, or in the alternative, if a COM is required, that Plaintiff should be allowed to file it at this time.

Under Pennsylvania law, a COM is required when a professional liability claim is asserted against a licensed professional, and when it is asserted against "a partnership, unincorporated association, corporation or similar entity where the entity is responsible for a licensed professional who deviated from an acceptable professional standard."[26] This rule is one of substantive law to be applied by federal courts sitting in diversity.[27] A COM must be filed for all actions, whether in state or federal court, that are "based upon an allegation that a licensed

---

[23] Celotex, 477 U.S. at 324.

[24] Id. at 323-24.

[25] Anderson, 477 U.S. at 252.

[26] PA. R. CIV. P. 1042.1(a).

[27] See Iwanejko v. Cohen & Grisby, P.C., 249 Fed. Appx. 938, 943-44 (3d Cir. 2007); see also Stroud v. Abington Memorial Hosp., 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008) (holding that "Federal courts in Pennsylvania have uniformly held that the [certificate of merit] requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court").

professional deviated from an acceptable professional standard."[28]

A licensed professional includes an entity licensed in Pennsylvania as "a health care provider as defined by Section 503 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.503."[29] Section 503 of the MCARE Act defines a health care provider as follows:

> A primary health care center, a personal care home licensed by the Department of Public Welfare pursuant to the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code, or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, a certified nurse midwife, a podiatrist, hospital, nursing home, birth center, and an officer, employee or agent of any of them acting in the course and scope of employment.[30]

Plaintiff contends that she was not required to file COM because (1) Melmark is not a licensed professional,[31] and (2) she has not asserted claims against a licensed professional for whom Melmark is responsible.[32] Plaintiff argues that Melmark is not a licensed professional because it is not a health care provider as defined by Section 503 of MCARE Act, i.e., Melmark is not (1) a primary health care center; (2) a personal care home; or (3) a corporation licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, a certified nurse midwife, a podiatrist, hospital, nursing home, or birth center.[33]

---

[28] PA. R. CIV. P. 1042.3(a).

[29] PA. R. CIV. P. 1042.1(c)(1)(i).

[30] 40 PA. STAT. § 1303.503.

[31] Pl.'s Br. at 2.

[32] Pl.'s Sur-reply at 3-5.

[33] Pl.'s Br. at 4.

Melmark admits that it is neither a primary health care center nor a personal care home.[34] Melmark does not argue that it provides services as a physician, a certified nurse midwife, a podiatrist, a hospital, or birth center. Moreover, Melmark admits that it does not provide services as a nursing home, either.[35] In other words, Melmark admits that it is not a health care provider as defined by Section 503 of the MCARE Act. Hence, Plaintiff would only be required to file a COM if she is claiming that a licensed professional for whom Melmark is responsible deviated from an acceptable professional standard of care.

The Court finds merit in Plaintiff's argument that her Complaint only "alleges that Melmark failed to provide the services needed by Leah, not that a licensed professional provided the services in a way that deviated from an acceptable professional standard."[36] Plaintiff does not allege that the care she received fell below an acceptable professional standard. Instead, she claims she was entitled to more therapy and support than what she actually received. According to Plaintiff's Complaint, the only care she received from a licensed professional at Melmark was a limited amount of physical therapy.[37] Yet, Plaintiff never complains that this care deviated from an acceptable professional standard, only that she was entitled to more. Furthermore, in her claim for negligence, Plaintiff complains of not having use of her power wheelchair and augmentative communication device due to Melmark's inability to maintain the equipment.[38] This is simply not a claim for professional liability. As a result, Plaintiff need not have filed a

---

[34] Def.'s Supp. at 3.

[35] Id.

[36] Id. at 4.

[37] Compl. ¶ 76.

[38] Id. ¶ 77.

COM with her Complaint and Melmark's Motion will be denied.[39]

    An appropriate order follows.

---

[39] The Court notes that on May 11, 2009, the Court granted in part Plaintiff's Motion to File an Amended Complaint. (Mem. & Op., May 11, 2009 [Document No. 80].) Plaintiff filed an Amended Complaint on May 15, 2009, still alleging a claim of negligence against Melmark in Count V. (Am. Compl. [Document No. 81] ¶¶ 95-103.) As the relevant allegations of the Complaint and Amended Complaint are identical in substance, the Court's rationale herein, based upon Plaintiff's allegations in her Complaint, would apply with equal force to the allegations in her Amended Complaint.